**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **1. ROBERT BROWN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**1. BAKER HUGHES ENERGY SERVICES, LLC,**<br><br>**Defendant** | **Case No. 26-CV-**<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Robert Brown, who files this Original Complaint against Defendant Baker Hughes Energy Services, LLC (hereinafter "Defendant") and, in support of action, respectfully shows this Court the following:

## I. THE PARTIES

1. Plaintiff, Robert Brown, is an adult male, who at all times relevant hereto was a resident of Oklahoma County, Oklahoma.
2. Defendant Baker Hughes Energy Services, LLC is a limited liability company doing business in Oklahoma.

## II. JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").
4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5. All of the acts complained of herein occurred in or around Oklahoma County, Oklahoma. Defendant is doing business in such county and may be served in such county. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).
6. To the extent required, Plaintiff has exhausted his administrative remedies. He filed at EEOC a Charge of Discrimination. The EEOC issued a Notice of Right to Sue dated August 5, 2026, which was received by Plaintiff by mail thereafter. Plaintiff has timely filed this action within ninety (90) days of his receipt of the notices of right to sue.

**STATEMENT OF FACTS**

7. Plaintiff was born on October 11, 1957, making him over age forty (40) at all relevant times.
8. Plaintiff was employed with Defendant for more than twelve (12) years, from in or around 2012, until on or about May 2024.
9. Plaintiff was originally hired at General Electric in September of 2012 as a full-time position of the Fleet Program Lead
10. In October of 2017, General Electric merged with Baker Hughes, a GE Company (BHGE). Plaintiff's position continued to be Fleet Program Lead.
11. In July of 2019, BHGE merged with Baker Hughes Company (BKR). Plaintiff's position was Global Senior Fleet Program Manager.
12. Plaintiff was promoted to Senior Finance Manager – Operational SPB1.
13. He continued in this position for the remainder of his employment but was also entrusted with carrying out other duties from time to time.

14. Throughout his lengthy tenure, Plaintiff was an outstanding employee. He was complimented on his performance, was given merit pay increases and consistently received satisfactory or better annual performance evaluations.
15. Indeed, Plaintiff's most recent performance evaluation reflects that he excelled in his position.
16. Despite Plaintiff's good work performance and tenure, Plaintiff was terminated on or about May 16, 2024 (at age 67) by Efrain Garzan. Efrain Garzan is significantly younger than Plaintiff.
17. Plaintiff, who was the oldest in his department, asked if he was being fired because of his age. In fact, within the last year of his employment, Plaintiff was asked how much longer he planned to work and when he planned to retire.
18. For obvious reasons, Efrain Garza did not admit this, but they did not give any reason why Plaintiff was selected for termination (i.e., selected as part of the reduction in force ("RIF")).
19. Plaintiff's termination was immediately after the two oldest employees in Plaintiff's department were terminated. Plaintiff was also the most tenured in the department.
20. The significantly younger and less tenured employees were retained.
21. Prior to Plaintiff's termination, he was asked to prepare a SOP for his position, which he did without hesitation.
22. After Plaintiff was fired, Defendant posted a job with almost the same identical job requirements as Plaintiff's position.
23. Defendant applied for his same position to regain employment with Defendant.

24. Since that date, Defendant has repeatedly posted Plaintiff's job and hired younger employees.
25. Hence, after Plaintiff's termination, the Plaintiff's department consisted of the same number of employees as before the alleged cutbacks/reduction in force.
26. The difference was that before termination, the department had older employees and now the employees are of a significant younger age.
27. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries described hereafter.

**COUNT I: ADEA – Age Discrimination**

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28. The matters alleged above constitute violations of the ADEA in the form of age discrimination.
29. Plaintiff is entitled to relief under the ADEA because at all relevant times hereto, Plaintiff was over age forty (40), was qualified for his job, was discharged, and his position was not eliminated. Moreover, Plaintiff was replaced by a significantly younger individual, and his termination reason was pretextual.
30. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful misconduct.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to backpay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, emotional distress damages, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

Respectfully submitted,

/s/ Jillian R. Mershon

Jillian Mershon, State Bar No. 30172
**Daly & Black, P.C.**
210 Park Avenue, Suite 2125
Oklahoma City, OK 731002
Telephone: (405) 754-1932
Facsimile: (713) 655-1587
Email: jmershon@dalyblack.com
Service: OK.Service@dalyblack.com
***Attorney for Plaintiff***

***Attorney Lien Claimed***
***Jury Trial Demanded***